BEFORE THE UNITED STATES JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | MDL No. 3071 |

**PLAINTIFF GABRIEL NAVARRO'S RESPONSE TO DEFENDANTS'
MOTION FOR TRANSFER AND CENTRALIZATION**

## I. INTRODUCTION

Plaintiff Gabriel Navarro, in the action captioned *Navarro v. RealPage, Inc., et al.*, Case No. 22-cv-01552 (W.D. Wash. Nov. 2, 2022), submits this statement in response to the pending Motion for Transfer of Actions Pursuant to 28 U.S.C. § 1407 (J.P.M.L. Dkt. 2) ("Motion") of Defendants in *In Re: RealPage, Inc., Rental Software Antitrust Litigation (No. II)*, MDL No. 3071. Plaintiff Navarro respectfully requests that the Panel centralize the actions in the Western District of Washington before the Honorable Judge Robert S. Lasnik.

On November 2, 2022, Plaintiff Navarro filed an action in the Western District of Washington on behalf of a separate, proposed class of student renters from student family housing lessors who used Real Page software.[1] This is the only action that has been filed on behalf of student renters. Student housing represents a distinct market with an entirely different set of plaintiffs than the multifamily housing market.

Plaintiffs in 14 of the actions pending in the Western District of Washington involving the rental market for multifamily apartments have filed a motion to consolidate the actions, with

---

[1] The Student Housing Class defined in the *Navarro* complaint includes all persons who leased student housing properties directly from any lessor defendant from January 1, 2010, through the present.

a proposal for filing of separate consolidated complaints to be filed on behalf of the student housing class and the multifamily housing class. Plaintiffs in the 14 actions also filed motions for appointment of separate leadership on behalf of, respectively, the student housing class and the multifamily housing class. On January 13, 2023, Judge Lasnik appointed Hagens Berman Sobol Shapiro as interim class counsel on behalf of the proposed student class. Judge Lasnik has also entered a schedule in the *Navarro* case, setting a trial date for June 23, 2024. The case on behalf of the student housing class is already moving separately and distinctly from the multifamily housing class cases and should stay that way.

    The principal goals of 28 U.S.C. § 1407 are to avoid duplicative discovery, prevent inconsistent or repetitive rulings, promote efficient management of litigation, and conserve the resources of the parties, counsel, and the courts.[2] These goals are best served by transferring the related actions for coordinated pretrial proceedings in the Western District of Washington.

    First, it is undisputed at this point that the *Navarro* action on behalf of the student plaintiffs will eventually have its own trial proceedings occur in the Western District of Washington before Judge Lasnik. It would serve § 1407's goal of conserving judicial resources for the same court to both handle pretrial proceedings and trial proceedings for the nationwide class, as Judge Lasnik's handling of the pretrial proceedings would give him significant familiarity with the litigation that would aid him in handling trial proceedings. Second, the actions have already progressed significantly in the Western District of Washington, including Judge Lasnik's entrance of a case schedule for the *Navarro* action. Third, the clear preference of the student housing plaintiffs is for the Western District of Washington, as the only action filed on behalf of the student housing plaintiffs was filed in the Western District of Washington.

---

[2] *See* Manual on Complex Litigation § 22.33 at 367 (4th ed. 2004).

Fourth, Judge Lasnik is an experienced jurist who has previously presided over an MDL. Fifth, the Western District of Washington would be able to provide a fast resolution of the pending cases. Sixth, the Western District of Washington has a substantial connection with the litigation.

Therefore, in light of these factors, the Western District of Washington is the appropriate forum for centralization of these actions. But even if the multifamily cases are transferred elsewhere, the Panel should not transfer *Navarro* out of the Western District of Washington. It would be inefficient and unnecessary to transfer *Navarro* elsewhere because it is the only case brought on behalf of the student housing class, leadership is already appointed, a schedule has already been set, and trial proceedings will occur in the Western District of Washington.

## II.     FACTUAL BACKGROUND

Defendant Real Page Inc. ("Real Page") provides a distinct revenue management program, YieldStar Student, for the student housing market. *Navarro*, Dkt. 1 ¶ 46, 65. Industry participants, including RealPage, widely recognize that student housing constitutes a distinctive market from that of the multifamily market. *Navarro*, Dkt. 1 ¶ 31. Student housing properties rent on a cycle that closely align with the school year, student housing is specifically located around college campuses, and student housing pricing is usually based on a by bed (rather by square foot) basis. *Navarro*, Dkt. 1 ¶ 29.

On October 19, 2022, the first action was filed against RealPage and lessors for anticompetitive usage of RealPage's products on behalf of a nationwide class of renters of multifamily housing. On November 3, 2022, the *Navarro* Plaintiffs filed an action in the Western District of Washington on behalf of a nationwide class of renters of student housing. *Navarro*, Dkt. 1. The *Navarro* action was the first action filed in the Western District of Washington, and was assigned to Judge Lasnik. Since then, 14 additional actions have been filed in the Western District of Washington, with the vast majority now pending before Judge Lasnik.

Litigation has advanced significantly in the Western District of Washington. The *Navarro* Plaintiffs filed an unopposed motion for appointment of Hagens Berman as Interim Class Counsel on behalf of the Student Housing Class. *Navarro*, Dkt. 70. Judge Lasnik subsequently appointed Hagens Berman as Interim Class Counsel because of "the work counsel has done in identifying or investigating potential claims in the action; counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; counsel's knowledge of the applicable law; and the resources that counsel has available and will commit to representing the class." *See Navarro*, Dkt. 78.

### III.   ARGUMENT

**A.   The Western District of Washington is a Preferable Venue for Centralization**

The Western District of Washington is the best venue for centralization based on a number of well-established factors recognized by the JPML.

First, centralization in the Western District of Washington would ensure efficiency and conserve judicial resources. At this point, there is no doubt that trial proceedings for the Student Housing class will be held in the Western District of Washington. The only action filed on behalf of renters of student housing was filed in the Western District of Washington, and Hagens Berman has already been appointed as lead on behalf of a nationwide class of student housing renters. Following pretrial proceedings – in whatever transferee district they occur – this action would eventually be remanded back to the Western District of Washington for trial proceedings. In light of this fact, it would be an efficient usage of judicial resources for pretrial proceedings for the student housing action to be conducted before the same court that will eventually handle trial proceedings. Judge Lasnik will gain valuable familiarity with the litigation from handling pretrial proceedings that may then be applied to management of the trial proceedings. In such circumstances, as this panel has previously recognized, "although other districts may be more

convenient to particular parties and witnesses, the transfer of this litigation to a single district for pretrial and trial of a substantial number of actions triable there is of such importance that it outweighs such minor inconveniences."[3]

Second, a significant factor in determining the transferee district is whether the actions have already advanced in a particular court.[4] Litigation has already advanced significantly in the actions pending before Judge Lasnik. The parties have fully briefed a motion to consolidate 14 cases. *Navarro*, Dkt. 67 (motion to consolidate). Judge Lasnik has entered a detailed case schedule and set a trial date of June 23, 2024. *Navarro*, Dkt. 77 at 1-2. Judge Lasnik has appointed Hagens Berman as class counsel for the student housing class. *Navarro*, Dkt. 78. There have been no comparable activity in the other cases pending outside of the Western District of Washington. In particular, the *Navarro* action on behalf of the student housing class has advanced significantly, there are no other pending cases in any other district on behalf of the student housing class, and it would be most efficient to maintain that progress by keeping the *Navarro* action in the Western District of Washington.

Third, as the JPML has previously recognized, the preference of plaintiffs is an important factor in determining the appropriate location for centralization.[5] Here, the only action that has been filed on behalf of student housing plaintiffs was filed in the Western District of Washington. No student housing plaintiffs have expressed a preference for any other district in the country. Certain plaintiffs in the multifamily housing cases have opposed centralization in the

---

[3] *In re Yarn Processing Pat. Validity Litig.*, 341 F. Supp. 376, 382 (J.P.M.L. 1972).

[4] *In re: AndroGel Prod. Liab. Litig.*, 24 F. Supp. 3d 1378, 1380 (J.P.M.L. 2014) (transferee court "already has taken initial steps to organize this litigation").

[5] *See, e.g.*, *In re Portfolio Recovery Assocs. LLC Tel. Consumer Protection Act Litig.*, 846 F. Supp. 2d 1380, 1381 (J.P.M.L. 2011).

Western District of Washington. However, none of those actions involve claims on behalf of student housing plaintiffs.[6]

Fourth, Judge Lasnik is an experienced jurist who has prior experience overseeing an MDL.[7] Judge Lasnik also already has familiarity with the litigation from his experience presiding over 14 of the related actions, which are the most advanced of any of the actions. This Panel has recognized that pre-existing familiarity with the underlying litigation is a factor when selecting the transferee court.[8] No other court has the same familiarity with the litigation as Judge Lasnik. Therefore, Judge Lasnik is very well suited to handle this complex litigation.

---

[6] Furthermore, it is worth noting that many of these plaintiffs for many of the actions pending in other districts that have opposed centralization in the Western District of Washington share the same overlapping set of law firms. *Weaver v. RealPage, Inc., et al.*, No. 1L22-cv-03224 (D. Colo.), Dkt. 1; *White v. RealPage, Inc., et al.*, No. 1:22-cv-12134 (D. Mass.), Dkt. 1; *Carter v. RealPage, Inc., et al.*, No. 1:22-cv-01332 (W.D. Tex.), Dkt. 1; *Boelens v. RealPage, Inc., et al.*, No. 2:22-cv-01802 (W.D. Wash.), Dkt. 1; *Precht v. RealPage, Inc., et al.*, No. 1:22-cv-12230 (D. Mass.), Dkt. 1; *Kramer v. RealPage, Inc., et al.*, No. 1:22-cv-03835 (D.C.), Dkt. 1; *Vincin v. RealPage, Inc., et al.*, No. 1:22-cv-01329 (W.D. Tex.), Dkt. 1; *Watters v. RealPage, Inc., et al.*, No. 3:22-cv-01082 (M.D. Tenn.), Dkt. 1; *Mackie v. RealPage, Inc., et al.*, No. 2:23-cv-000111 (D. Colo.), Dkt. 1. As the Panel has recognized, "where a § 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it." *In re CVS Caremark Corp. Wage & Hour Emp. Pracs. Litig.*, 684 F. Supp. 2d 1377, 1379 (J.P.M.L. 2010) ("Although movants are plaintiffs in three of the seven actions, they are all represented by the same law firm, which filed the first action in early 2009 but then commenced the two others immediately prior to filing this Section 1407 motion. Consequently, the true opposition to centralization is quite one-sided. Such an unusual alignment of parties and counsel suggests the possibility of other considerations at play. Admittedly, the Panel's primary purpose is not to divine the motives and strategies of the various litigants. Indeed, those considerations are most often irrelevant to our decision making. Nevertheless, where a Section 1407 motion appears intended to further the interests of particular counsel more than those of the statute, we would certainly find less favor with it.").

[7] *See In re: Park West Galleries, Inc., Mktg. & Sales Pracs.*, No. 2076 (W.D. Wash).

[8] *See, e.g., In re Sensipar (Cinacalcet Hydrochloride Tablets) Antitrust Litig.*, 412 F. Supp. 3d 1344, 1347 (J.P.M.L. 2019) (sending cases to a transferee court where the Judge "already has gained substantial familiarity with many aspects of the litigation" through overseeing the first filed cases).

Fifth, the Western District of Washington will be able to provide a fast resolution of the litigation. The Western District of Washington currently completes trial of cases within 26.4 months. By comparison, the Northern District of Texas completes cases within 35.4 months.[9] The Northern District of Texas also has almost double the number of criminal cases pending than the Western District of Washington – 2,313 cases compared to 1,232.[10] The Speedy Trial Act mandates that preference be given to the disposition of criminal cases. 18 U.S.C. § 3161. The greater criminal caseload of the Northern District of Texas will place demands on the resources of the court and further delay disposition of this multidistrict litigation proceeding. Furthermore, there are currently 2 MDLs pending in the Northern District of Texas, and no MDLs pending in the Western District of Washington. This further favors centralization in the Western District of Washington.

Sixth, the Western District of Washington has a substantial connection with the litigation. Plaintiff Navarro, as well as a number of other plaintiffs reside in the Western District of Washington. Defendants' anticompetitive practices have directly affected both the multifamily and student housing markets in the Western District of Washington. The first public reporting on RealPage's anticompetitive conduct focused on the effects that it had in the Western District of Washington.[11] Therefore, the Western District of Washington is a logical forum to serve as the transferee district.

---

[9] Table C-5—U.S. District Courts–Civil Federal Judicial Caseload Statistics (March 31, 2022), available at https://www.uscourts.gov/file/44041/download (last visited Jan. 30, 2023).

[10] Table D—U.S. District Courts–Criminal Federal Judicial Caseload Statistics (March 31, 2022), available at https://www.uscourts.gov/file/44160/download (last visited Jan. 30, 2023).

[11] Heather Vogell, *Rent Going Up? One Company's Algorithm Could Be Why*, ProPublica, Oct. 15, 2022, available at https://www.propublica.org/article/yieldstar-rent-increase-realpage-rent (last visited Jan. 30, 2023) (analyzing the effect of RealPage's revenue management software on properties in the Belltown neighborhood of Seattle).

## IV. CONCLUSION

For all of the foregoing reasons, Plaintiff Navarro, on behalf of the proposed student housing class, respectfully requests that all related private actions be consolidated and transferred to Judge Lasnik in the Western District of Washington.

DATED this 31st day of January 2023.

Respectfully submitted,

HAGENS BERMAN SOBOL SHAPIRO LLP

By: */s/ Steve W. Berman*
     Steve W. Berman
Breanna Van Engelen
1301 Second Ave., Suite 2000
Seattle, WA 98101
steve@hbsslaw.com
breannav@hbsslaw.com

Rio S. Pierce
Hannah K. Song
HAGENS BERMAN SOBOL SHAPIRO LLP
715 Hearst Ave., Suite 202
Berkeley, CA 94710
riop@hbsslaw.com
hannahso@hbsslaw.com

*Counsel for Plaintiff Gabriel Navarro and Interim Class Counsel for The Student Housing Class* in Case No. 2:22-cv-01552-RSL (W.D. Wash.)