## BEFORE THE UNITED STATES JUDICIAL
## PANEL ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: APARTMENT RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | MDL No. 3071 |

### INTERESTED PARTY RESPONSE OF PLAINTIFFS CHRISTOPHER SALOMAN AND MICHAEL STRAUSS TO DEFENDANTS' MOTION FOR TRANSFER OF ACTIONS TO THE NORTHERN DISTRICT OF TEXAS PURSUANT TO 28 U.S.C. § 1407 FOR COORDINATED OR CONSOLIDATED PRETRIAL PROCEEDINGS

Plaintiffs Christopher Saloman and Michael Strauss respectfully submit their interested party response to Defendants' Motion for Transfer of Actions to the Northern District of Texas Pursuant to 28 U.S.C. § 1407 for Coordinated or Consolidated Proceedings.

### <u>INTRODUCTION</u>

Plaintiffs Christopher Saloman and Michael Strauss ("Saloman Plaintiffs")[1] agree that this Panel should consolidate proceedings in the related actions pursuant to 28 U.S.C. § 1407 and the Rules of Procedure of the Judicial Panel on Multidistrict Litigation. However, the Saloman Plaintiffs disagree with Defendants' choice of the Northern District of Texas for centralization, as well as requests by other Plaintiffs to centralize in the Western District of Washington—the location in the continental United States furthest from where the Saloman Plaintiffs reside in the Southern District of Florida. Instead, the Saloman Plaintiffs respectfully ask this Panel to centralize these actions in the Middle District of Tennessee.

---

[1] *Saloman, et al. v. RealPage, Inc. et al*, 1:23-cv-21038 (S.D. Fla.).

**ARGUMENT**

The Middle District of Tennessee is a logical choice for centralization. The *Watters* case is already on file in the Middle District of Tennessee.[2] *Watters* is assigned to Chief District Judge Waverly D. Crenshaw, Jr. Chief Judge Crenshaw has the experience and capacity to handle this litigation.[3] Experience of the transferee judge and district in navigating "the nuances of complex and multidistrict litigation" are factors considered by the Panel. *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014). Chief Judge Crenshaw does not currently preside over any MDLs, and there are currently no MDLs venued in the Middle District of Tennessee before the District's three other Article III judges. Furthermore, the Middle District of Tennessee is less congested than the Northern District of Texas, and has fewer pending criminal cases.[4] Determining whether the potential transferee court "has the resources available to manage this litigation" is particularly important here given the sprawling and complex nature of these antitrust class actions. *In re ClassicStar Mare Lease Litig.*, 528 F. Supp. 2d 1345, 1347 (J.P.M.L. 2007). According to the most recent statistics available, the median time interval

---

[2] *Watters v. RealPage, Inc. et al*, 22-cv-01082 (M.D. Tenn.). Like the other related matters, Defendants' deadline to answer in the *Watters* matter is stayed pending the Panel's ruling. *Id.* Dkt. 46. All the Defendants in *Watters* have been served, and most have made an appearance.

[3] Chief Judge Crenshaw has handled hundreds of complex cases throughout his tenure, including over 25 antitrust cases. One of the recent class action antitrust cases he was responsible for recently settled for $120 million against Sandoz and Momenta. *The Hospital Authority of Metropolitan Government of Nashville and Davidson County, Tennessee v. Momenta Pharmaceuticals, Inc. et al*, 3:15-cv-01100 (M.D. Tenn.), Dkt. No. 521. Judge Crenshaw has also handled over 25 class action cases, including national class actions involving TCPA case, auto-defects, and other claims. Chief Judge Crenshaw has also managed numerous high profile, multi-defendant, complex criminal cases.

[4] Indeed, the Middle District of Tennessee has fewer pending criminal actions than the Northern District of Texas, the Western District of Washington and Colorado. *See Table D-U.S. District Courts-Criminal Federal Judicial Caseload Statistics* (Mar. 31, 2022), available at: https://www.uscourts.gov/federal-judicial-caseload-statistics-2022-tables.

from filing to disposition for all civil cases conducted in the Middle District of Tennessee is 45 months less than in the Northern District of Texas. Judicial Business of the United States Courts, 2022 Annual Report of the Director, Table C-5 (copy attached as Exhibit A).

Additionally, the Middle District of Tennessee would be convenient for all parties and their counsel, who are located across the country. Whether the transferee district "offers a forum that is both convenient and accessible for the parties and witnesses" is one factor for the Panel to consider. *In re: Aggrenox Antitrust Litig.*, 11 F. Supp. 3d 1342, 1343 (J.P.M.L. 2014). The Nashville International Airport is located within the Middle District of Tennessee and provides frequent nonstop services to many (if not all) of the cities in which Plaintiffs, Defendants, and their counsel reside.[5]  Nashville's brand new, state of the art U.S. District Courthouse is located a mere 10 miles from the airport, providing a short 20-minute drive. Nashville also has ample hotel space within a mile of the Courthouse.

Moreover, the Middle District of Tennessee is conveniently located to relevant witnesses and evidence. Generally, the Panel will look to centralize cases in a district where "pertinent documents and witnesses are likely located." *In re Aftermarket Auto. Lighting Prods. Antitrust Litig.*, 598 F. Supp. 2d 1366, 1368 (J.P.M.L. 2009). Defendant Mid-America Apartment Communities, Inc. ("Mid-America") is headquartered in the Middle District of Tennessee. Other Defendants maintain regional offices in Tennessee, including Alliance Residential Co., Camden Property Trust ("Camden"), Greystar Real Estate

---

[5] https://flynashville.com/flights/nonstop-destinations. Nashville International Airport provides direct flights to over 100 locations. *Id.*

Partners, LLC ("Greystar"), Lincoln Property Co. ("Lincoln"), Security Properties Inc., and WinnCompanies. Indeed, many of the largest Defendants have more than ten apartment buildings in Nashville and its surrounding area, including Camden, Cushman & Wakefield, Greystar, Lincoln, and Mid-America.

If the Panel is not inclined to centralize this litigation in the Middle District of Tennessee, then the Saloman Plaintiffs would support centralization in the District of Colorado, for the reasons identified by the Regional Class Plaintiffs and Defendants. *See* MDL 3071, Dkt. No. 156, 3-8; Dkt. No. 162, 15. Saloman Plaintiffs respectively agree with the Regional Class Plaintiffs (Dkt. No. 156, 8-10) and Defendants that the Western District of Washington is not an appropriate transferee Court. *See* MDL 3071, Dkt. No. 162, 5-15.

## <u>CONCLUSION</u>

For the foregoing reasons, the Saloman Plaintiffs request that the Judicial Panel on Multidistrict Litigation issue an Order transferring the Actions, together with any other, similar actions subsequently filed, to Chief District Judge Waverly D. Crenshaw, Jr. in the Middle District of Tennessee.

DATED:  March 23, 2023

Respectfully submitted,

By: *s/Jeffrey B. Kaplan*
    Jeffrey B. Kaplan
    JKaplan@dkrpa.com
DIMOND KAPLAN & ROTHSTEIN, P.A.
2665 South Bayshore Drive, PH-2B
Miami, FL 33133
Telephone: 305-374-1920
***ATTORNEY FOR PLAINTIFFS***
***CHRISTOPHER SALOMAN AND MICHAEL***
***STRAUSS***