**UNITED STATES JUDICIAL PANEL**
on
**MULTIDISTRICT LITIGATION**

| | |
|---|---|
| IN RE: REALPAGE, INC., RENTAL SOFTWARE ANTITRUST LITIGATION (NO. II) | MDL No. 3071 |

(SEE ATTACHED SCHEDULE)

**CONDITIONAL TRANSFER ORDER (CTO –7)**

On April 10, 2023, the Panel transferred 20 civil action(s) to the United States District Court for the Middle District of Tennessee for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. *See* 669 F.Supp.3d 1372 (J.P.M.L. 2023). Since that time, 19 additional action(s) have been transferred to the Middle District of Tennessee. With the consent of that court, all such actions have been assigned to the Honorable Waverly D. Crenshaw, Jr.

It appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Middle District of Tennessee and assigned to Judge Crenshaw.

Pursuant to Rule 7.1 of the Rules of Procedure of the United States Judicial Panel on Multidistrict Litigation, the action(s) on the attached schedule are transferred under 28 U.S.C. § 1407 to the Middle District of Tennessee for the reasons stated in the order of April 10, 2023, and, with the consent of that court, assigned to the Honorable Waverly D. Crenshaw, Jr.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Middle District of Tennessee. The transmittal of this order to said Clerk shall be stayed 7 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 7–day period, the stay will be continued until further order of the Panel.

FOR THE PANEL:

Marcella R. Lockert
Acting Clerk of the Panel

IN RE: REALPAGE, INC., RENTAL SOFTWARE
ANTITRUST LITIGATION (NO. II)  MDL No. 3071

## SCHEDULE CTO−7 − TAG−ALONG ACTIONS

| **DIST** | **DIV.** | **C.A.NO.** | **CASE CAPTION** |
|---|---|---|---|
| TENNESSEE WESTERN | | | |
| TNW | 2 | 24−02586 | Kelsey Wolf, Individually and on Behalf of All Others Similarly Situated v. Mid−America Apartment Communities, Inc. |